UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRAMMELL CROW RESIDENTIAL    §
COMPANY,    §
   §
     Plaintiff,    §
   §
v.    §    CIVIL ACTION NO. 3:10-CV-2163-B
   §
AMERICAN PROTECTION    §
INSURANCE COMPANY and OLD    §
REPUBLIC INSURANCE COMPANY,    §
   §
     Defendants.    §

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Old Republic Insurance Company's Motion for Summary

Judgment (doc. 26), filed December 16, 2011; Plaintiff Trammell Crow Residential Company's

Motion for Partial Summary Judgment (doc. 28), filed December 16, 2011; Old Republic Insurance

Company's Motions to Strike the Affidavit of Scott James Woodward (docs. 39 and 45), filed January

6, 2012 and January 20, 2012; and Old Republic Insurance Company's Motion to Strike Exhibits

(doc. 46), filed January 20, 2012. For the reasons set forth below, Old Republic Insurance Company's

motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Trammell Crow

Residential Company's motion for summary judgment is **DENIED**. Old Republic Insurance

Company's motions to strike the affidavit are **DENIED AS MOOT**. Old Republic Insurance

Company's motion to strike the exhibits is **DENIED**.

- 1 -

## I.

## BACKGROUND

This action involves insurance policies issued to Plaintiff Trammell Crow Residential Company ("Trammell Crow") by Defendant American Protection Insurance Company ("APIC"), Defendant Old Republic Insurance Company ("Old Republic"), and non-party Virginia Surety Insurance Company, Inc. ("Virginia Surety"). Doc. 1-1, Pet. at 2-3. In 2002, Trammell Crow faced litigation by residents of its multi-unit residential complex in Colorado ("the Colorado Action"). *Id.* at 2. Virginia Surety defended Trammell Crow. *Id.* at 3. Following settlement, Trammell Crow and its insurers filed a second lawsuit ("the Insurance Action") asserting a series of claims, counterclaims, and third-party claims regarding the insurers' respective duties to defend Trammell Crow and indemnify Virginia Surety. *Id.* at 3-4. Now before the Court is the issue of which party pays for Defendants' defense costs accumulated during the Insurance Action. The facts are outlined in detail, below.

A.      *Colorado Action*

Trammell Crow operated a number of residential complexes in Colorado that developed a mold problem and led to residents' alleged personal injury and property damage. In 2002, the residents filed a lawsuit against Trammell Crow and its affiliates in Colorado, *Angel Adams et al. v. Trammell Crow Residential Servs. et al.*, No. 02-CV-4419 (Dist. Ct. Div. 5, Arapahoe Cnty., Colo.). Trammell Crow had an insurance policy with Virginia Surety, No. IPGA7000000020056 (the "Virginia Surety Policy"), and elected Virginia Surety as its defender in the Colorado Action. Trammell Crow also had insurance policies with APIC, No. 5AF 002 082-00 (the "APIC Policy"),

and with Old Republic, No. MWZY55478 (the "Old Republic Policy").[1] *Id.* at 1. APIC and Old Republic were notified of the Colorado Action but submitted letters declining the right to defend Trammell Crow. Virginia Surety thus provided Trammell Crow's sole defense in the Colorado Action. *Id.* at 3. Trammell Crow ultimately settled with the Colorado plaintiffs. Virginia Surety paid some of the defense and settlement costs, while Trammell Crow footed the remaining portions of the settlement awards. *Id.*

Trammell Crow's payments were submitted to a third-party administrator, Broadspire Services, Inc. ("Broadspire"), which is a division of Crawford & Company. Doc. 29, Trammell Crow Br. at 3-4. Broadspire maintained an escrow account on Trammell Crow's behalf (the "Broadspire account"). *Id.* at 4. According to Trammell Crow's petition, the account was created "for the purpose of paying Trammell Crow's deductible/insured retention in relation to any covered loss and/or expense" under its various insurance policies. Doc. 1-1, Pet. at 4.

B.     *Insurance Action*

Following settlement in the Colorado Action, Trammell Crow filed a lawsuit against Virginia Surety for breach of their insurance agreement and other violations of Texas insurance law, *Trammell Crow Residential Servs. v. Virginia Surety Ins. Co.*, No. 3:08-CV-685-B (N.D. Tex.). Doc. 29, Br. at 4. Trammell Crow sought reimbursement from Virginia Surety for the amounts it paid in settlement awards in the Colorado Action. *Id.* Virginia Surety filed a counterclaim against Trammell Crow,

---

[1]Old Republic issued two policies to Trammell Crow. The policy numbered MWZY55478 was issued for the period of February 15, 2002 to February 15, 2003 and carried a $250,000 deductible. A second policy, numbered MWZY55731, covered a period of February 15, 2003 to March 1, 2004 and carried a $500,000 deductible. Doc. 27, Br. at 5-6. Although Old Republic mentions both policies, Old Republic's representative admitted that the Colorado Action applied to the 2002-2003 policy. Doc. 27-12, Coombs Aff. at 2. Because the parties agree that the 2003-2004 policy does not apply to the Colorado Action, the Court refers in this order only to the 2002-2003 policy.

contending that Trammell Crow misrepresented its policies with APIC and Old Republic, and sought contribution from Trammell Crow for portions of the defense costs and settlements that Virginia Surety paid in the Colorado Action. *Id.* Virginia Surety then filed a third-party complaint against APIC and Old Republic, arguing that those insurers were obligated to participate pro rata in the defense and indemnity of Trammell Crow in the Colorado Action. Doc. 27, Br. at 2. Virginia Surety also sought equitable subrogation from APIC and Old Republic to the extent that it was deemed liable for the claims asserted against it by Trammell Crow. *Id.*

The parties filed cross-motions for summary judgment. In terms of Virginia Surety's claims against Old Republic, the Court determined that the claims in the Colorado Action were not covered by the Old Republic policy due to a mold exclusion within the policies and because the single non-mold claim arose prior to the Old Republic Policy's coverage period start date. Doc. 30-8, App. at 472 (Order). Hence, Old Republic owed no duty to defend or contribute to the defense of the Colorado Action. *Id.* at 473. Moreover, because the claims in the Colorado Action were excluded from Old Republic's coverage, Trammell Crow could have no right to seek recovery from Old Republic, so Virginia Surety's equitable subrogation claim also failed. *Id.* at 474-75. APIC and Trammell Crow were successful on several of their claims against Virginia Surety as well. The parties settled their remaining claims.

C.      *The Instant Action*

APIC and Old Republic were represented by separate counsel in the Insurance Action. Doc. 29, Br. at 5. Following the completion of that action, both Defendants submitted invoices to Broadspire for payment from Trammell Crow's Broadspire account. *Id.* The invoices specifically sought reimbursement for the costs and fees that Defendants expended in defending against Virginia

Surety's third-party claims in the Insurance Action. *Id.* Defendants surmised that their respective policies entitled them to payment from Trammell Crow for the Insurance Action defense costs. Doc. 27, Br. at 3. Old Republic specifically pointed to its Program Agreement, an addendum to the Old Republic Policy, as providing it the authorization to receive the Broadspire account funds. *Id.*

The parties dispute whether and when Broadspire or Crawford & Company paid Defendants' invoices. They also dispute how much Defendants received from the Broadspire account. According to Old Republic, Broadspire initially paid its defense costs, but Trammell Crow later demanded that Broadspire withdraw its payment. Doc. 27, Br. at 8. Old Republic does not explain whether Broadspire did so. Trammell Crow contends that Old Republic never returned the funds received from Broadspire and insists that at least $255,000.00 of its funds were taken from the Broadspire account by Defendants collectively. Doc. 29, Br. at 6 (citing Doc. 30-1, App. at 3 (Woodward Aff.)). There was a similar disagreement between Trammell Crow and APIC.

Trammell Crow filed the instant action against Defendants, seeking return of the funds it declares were wrongfully taken from the Broadspire account to pay for Defendants' defense costs from the Insurance Action. Doc. 1-1, Pet. Trammell Crow raises eight causes of action: a declaratory judgment requesting, *inter alia*, that the Court conclude that Defendants are obligated to return the funds taken from Trammell Crow to fund their defense costs; breach of contract; conversion; unjust enrichment; money had and received; violations of Chapters 541.051 and 41.061 of the Texas Insurance Code for various misrepresentations and omissions; tortious interference with Trammell Crow's business relationship with Broadspire; and attorney's fees. *Id.* Defendants individually filed counterclaims against Trammell Crow for breach of contract, unjust enrichment, and attorney's fees. Doc. 7, Old Republic Answer at 6-8.

The parties conducted discovery and have submitted summary judgment evidence, which includes an affidavit and the deposition testimony of Scott James Woodward, Trammell Crow's Risk Manager; an affidavit of Paul B. Coombs, a Senior Claims Specialist at Old Republic; copies of emails to or from Coombs; Crawford & Company payment summaries; Defendants' answers to interrogatories and responses to requests for admissions; the insurance policies; and this Court's prior order.

Defendant Old Republic Insurance Company filed its Motion for Summary Judgment (doc. 26) on December 16, 2011 for judgment on its counterclaims for breach of contract and attorney's fees and on all of Trammell Crow's claims. Plaintiff Trammell Crow Residential Company filed a Motion for Partial Summary Judgment (doc. 28) on December 16, 2011 for judgment on its claims for declaratory judgment, conversion, unjust enrichment, and money had and received and on all of Old Republic's counterclaims. Defendant Old Republic Insurance Company also filed two Motions to Strike the Affidavit of Scott James Woodward (docs. 39 and 45) on January 6, 2012 and January 20, 2012 as well as a Motion to Strike Trammell Crow's Exhibits I, J, and K (doc. 46) on January 20, 2012. The summary judgment issues between Trammell Crow and APIC have been addressed in a prior order. Doc. 60. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

## II.

## LEGAL STANDARDS

A.    *Summary Judgment Standard*

Summary judgment is appropriate when the pleadings and record evidence, taken as a whole, show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d

- 6 -

376, 378 (5th Cir. 2011). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment must be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). To meet this burden, the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted). Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' . . . or by only a 'scintilla' of evidence." *Id.* (internal citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). A non-movant may not simply rely on the Court to sift through the summary judgment record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The non-moving party thus must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The Court will not make credibility determinations, weigh the evidence, or draw inferences but

instead confine its inquiry to facts material under the governing legal standard.  *Anderson*, 477 U.S. at 255.

B.      *Choice of Law and Interpretation of Contracts*

Before addressing the merits of the parties' motions for summary judgment, the Court must determine which state's law to apply in interpreting the insurance agreement. District courts sitting in diversity, such as this one, apply the choice-of-law rules of the forum state. *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). Under Texas law, contractual choice-of-law provisions are typically enforced. *Smith*, 393 F.3d at 597; *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003). The Program Agreement to the Old Republic Policy states that it is governed by Illinois law. Doc. 30-11, App. at 509 (Program Agreement). Old Republic points to the governing law provision and asserts that Illinois law applies. Doc. 27, Br. at 7, 10. Trammell Crow also admits that the Program Agreement is governed by Illinois law. Doc. 41, Resp. at 3; doc. 48, Reply at 7. As the parties appear to have acquiesced in the application of Illinois law, the Court will analyze the APIC Policy under Illinois legal principles.

C.      *Illinois Rules of Contract Interpretation*

Under Illinois law, courts interpret insurance policies using the same rules of construction that apply to contracts, generally. *Barth v. State Farm Fire & Cas. Co.*, 886 N.E.2d 976, 982 (Ill. 2008). The interpretation of a contract is a matter of law. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). In construing an insurance contract, the "court's primary objective is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy" by considering the policy as a whole. *Rich v. Principal Life Ins. Co.*, 875 N.E.2d 1082, 1090 (Ill. 2007). "Where a policy provision is clear and unambiguous, its language must be taken in its

'plain, ordinary and popular sense.'" *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991) (citation omitted). "[I]f the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy." *Outboard Marine Corp.*, 607 N.E.2d at 1212 (internal citation omitted).

## III.

## ANALYSIS

A.    *Overarching Issues*

The parties' claims and counterclaims involve the extent of Trammell Crow's obligation–if any–to reimburse Old Republic for its costs of defending against Virginia Surety's third-party claims in the Insurance Action. The analysis of each of these claims requires that the Court consider whether there are any genuine disputes of fact and to interpret portions of the Old Republic Policy. For economy, the Court will address these overarching issues and, from there, apply its conclusions to its analysis of the parties' cross-motions for summary judgment.

*i.    Party Damages*

Although Trammell Crow and Old Republic cross-aver that there are no genuine issues of material fact and seek summary judgment, in actuality, the parties do dispute the facts related to whether and to what extent any of them has sustained damages. *See Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1069-70 (5th Cir. 1993) (finding a genuine issue of fact regarding the calculation of damages following a breach of contract); *Chesapeake Operating, Inc. v. Glencrest Res., LLC*, No. 3:10-cv-1573, 2011 U.S. Dist. LEXIS 124410, at *6-8 (N.D. Tex. Oct. 26, 2011) (denying summary judgment due to a dispute of fact as to the existence of damages). Each party claims that

it has sustained damages, and each party disclaims that the other sustained any damages. To sum up, Trammell Crow asserts in its petition and moves for summary judgment on its claims that it has been damaged by Old Republic because Old Republic took funds from Trammell Crow's Broadspire account to pay for Old Republic's defense costs. Doc. 41, Resp. at 8-9. Old Republic disagrees and states in its answer and moves for summary judgment that its defense costs are unpaid and thus are still due and owing by Trammell Crow. Doc. 27, Br. at 13. Trammell Crow additionally moves for summary judgment on Old Republic's counterclaims, arguing that Old Republic has not been damaged because its defense bills were paid from the Broadspire account. Old Republic seeks summary judgment on Trammell Crow's claims, asserting that Trammell Crow has not been damaged.

To support its claim for damages, Trammell Crow first submits Woodward's affidavit as summary judgment evidence. In his affidavit, Woodward asserts that Defendants collectively withdrew over $255,000.00 from the Broadspire account.[2] Doc. 29, Br. at 6 (citing Doc. 30-1, App. at 3 (Woodward Aff.)). Trammell Crow then provides Old Republic's answers to Trammell Crow's interrogatories as summary judgment evidence. In its answers, Old Republic admits that it did not return any of the money it received from the Broadspire account. Doc. 30-10, App. at 494 (Answers to Interrogs.). Old Republic also admits in the interrogatories that it has no bills incurred from the Insurance Action that have not been paid. *Id.*

---

[2]Old Republic objects to and moves to strike (docs. 39, 45) the Woodward Affidavit, which it alleges contains facts not with Woodward's personal knowledge and hence is inadmissible. Because the Court does not rely on the Woodward Affidavit in forming the basis of its opinion, the motions to strike (docs. 39, 45) are **DENIED AS MOOT**.

Old Republic attempts to raise a dispute of fact to show that it has incurred damages, arguing in its brief that it is owed payment from Trammell Crow for its defense costs and has yet to be reimbursed. Doc. 47, Reply at 11-12. Old Republic presents two documents to support its position; the Coombs Affidavit and Woodward's deposition testimony. In his affidavit, Coombs states that Old Republic prefunded $101,512.45 to Broadspire to pay its defense costs, which was thus not an expense incurred by Trammell Crow and paid out of its Broadspire account. Doc. 27-12, Coombs Aff. at 2. Coombs further avers that Trammell Crow has not reimbursed Old Republic for $135,274.79 that he maintains Old Republic incurred in defense costs. *Id.* Coombs further states that Broadspire sought payment from Old Republic for the amounts that Broadspire paid to Old Republic's vendors. *Id.* Coombs, however, does not explain what funds, if any, Broadspire paid to Old Republic's vendors outside of Old Republic's prefunded amount.

As mentioned, Old Republic also points to Woodward's deposition testimony, for support of its damages claim. Doc. 27, Br. at 12. In his deposition, Woodward states that he told Crawford & Company that "I wasn't going to pay any of the . . . Old Republic paid loss expenses." Doc. 27-13, Woodward Dep. at 36.  Yet, Woodward's statement sheds little light on whether Old Republic was actually paid from the Broadspire account or whether Old Republic retained those funds. Woodward merely states that Trammell Crow itself would refuse to reimburse Old Republic; he did not state whether Broadspire or Crawford & Company actually did pay Old Republic's invoices.

Given the convoluted record and conflicting statements as to whether Old Republic received money from the Broadspire account and as to whether Old Republic retained any money that it received, the Court concludes that Old Republic has adequately raised a dispute of fact as to whether Trammell Crow sustained any damages and that Trammell Crow has adequately raised a dispute of

-11-

fact as to whether Old Republic sustained any damages. Proof of damages is necessary for every claim and counterclaim raised in this action. Because neither party can show that there is no dispute of fact as to whether it sustained damages, Trammell Crow cannot receive summary judgment on its own claims, and Old Republic cannot receive summary judgment on its own counterclaims. Therefore, the Court continues its analysis only with respect to the parties' cross-motions for summary judgment on the opposing party's claims.

      *ii.*     *The Deductibles*

The Old Republic Policy contains a "Deductible Coverage Endorsement." Doc. 30-4, App. at 149 (Old Republic Policy). The endorsement provides that the insured must pay for all "damages," "medical expenses," "amounts payable" under the Supplementary Payments section, and payments made under "any other source" described in the Old Republic Policy that do not exceed the deductible amount of $250,000 for each occurrence. *Id.* Old Republic pays those costs to the extent they exceed the deductible amount. *Id.* The parties disagree as to whether Trammell Crow met its deductibles for each occurrence; Trammell Crow asserts that it has met the deductibles, while Old Republic disclaims that the deductibles were met.

Trammell Crow presents an email produced by Old Republic in response to discovery requests as summary judgment evidence showing that it has satisfied the deductibles.[3] Doc. 42-3, App. at 687

---

[3]Old Republic moves to strike (doc. 46) Trammell Crow's Exhibits I, J, and K as unauthenticated documents containing hearsay. Trammell Crow responds that Exhibits I, J, and K were produced to Trammell Crow by Old Republic during discovery and are therefore self-authenticating. The Court agrees that the documents are properly authenticated. *See Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (documents produced in response to discovery requests are self-authenticating); *FTC v. Hughes*, 710 F. Supp. 1520, 1522 (N.D. Tex. 1989) (same); *Hannon v. Kiwi Servs.*, No. 3:10-cv-1382, 2011 U.S. Dist. LEXIS 152114, at *6-7 (N.D. Tex. Dec. 30, 2011) (same). Old Republic also objects to the exhibits because they contain hearsay. Trammell Crow responds that the statements made in Exhibit J are admissions of a party opponent and are therefore not hearsay under Federal Rule of Evidence 801(d)(2)(A). Trammell Crow

-12-

(Coombs Email). The email is dated March 8, 2010 and was sent by Coombs, Old Republic's Senior Claims Specialist, to Colleen Gallo of Broadspire. In the email, Coombs refers to Trammell Crow and to the Colorado Action and Insurance Action. He writes: "Since the insured [Trammell Crow] has met their $250k deductible through loss and expense, we are not asking TCR [Trammell Crow] to fund any further payment. In fact, Old Republic is willing to pay the vendor in full . . . ." *Id.* Trammell Crow presents Coombs' note as evidence of and an admission that Trammell Crow has met its deductible.

Old Republic submits contradictory summary judgment evidence in the form of the Coombs affidavit in an attempt to raise a dispute of fact that Trammell Crow satisfied its deductible. Doc. 27-12, Coombs Aff. In his affidavit, Coombs states that "Trammell Crow did not satisfy multiple deductibles in connection with the [Colorado Action]." *Id.* at 2. Nonetheless, in its summary judgment reply brief, Old Republic submits that, although Trammell Crow has submitted "zero evidence" that it satisfied multiple deductibles, "Old Republic . . . has established by component summary judgment evidence that only a single deductible has been satisfied." Doc. 47, Reply at 9.

In its prior decision, this Court explicitly declined to address the issue of whether the Old Republic Policy deductibles had been met. Doc. 30-8, App. at 473 n.9 (Order). The Court concludes based on the summary judgment evidence presented by the parties that there is a genuine dispute of material fact as to whether Trammell Crow satisfied multiple Old Republic deductibles.

---

also argues that Exhibits I and K are not cited for the truth of the statements contained within, but rather are cited to demonstrate Old Republic's knowledge of the communications and are thus not hearsay. The Court agrees with Trammell Crow. Accordingly, Old Republic's motion to strike (doc. 46) is **DENIED**.

*iii.*      *Whether Old Republic's Defense Costs are "ALAE"*

Old Republic maintains that its Insurance Action defense costs are recoverable from Trammell Crow as "allocated loss adjustment expenses" ("ALAE") under the Old Republic Policy, which Trammell Crow must pay up to its deductible amount of $250,000. Doc. 27, Br. at 12. Both parties present the Old Republic Policy and this Court's prior order in the Insurance Action as summary judgment evidence.

The definition of ALAE is found in the Program Agreement to the Old Republic Policy and provides, in relevant part:

> "Allocated Loss Adjustment Expenses" means the expenses which are incurred in conjunction with the defense, adjustment or settlement of claims made under any one of the Policies and which are allocable to such claims according to generally accepted insurance industry practices; such expenses include allocable . . . legal costs, attorneys' fees, . . . [and] expenses incurred in obtaining recovery against any third party.

Doc. 30-11, App. at 498-99 (Program Agreement). Old Republic's defense costs from the Insurance Action clearly constitute "expenses" in that they are "legal costs," "attorney's fees," and "expenses" generally. The disputed issue is whether those costs were incurred in defense of "claims made under any one of the Policies." *Id.*

Trammell Crow points to this Court's prior order in the Insurance Action, which concluded that the Old Republic Policy did not cover or apply to the Colorado Action because of the mold exclusion in the policy and because the single non-mold claim arose outside of the coverage period. Doc. 30-8, App. at 472 (Order). Trammell Crow utilizes the prior order to argue that because the Old Republic Policy was held not to apply to the Colorado Action, the defense costs incurred in the Insurance Action were not incurred "under" the policies. Doc. 48, Reply at 7. Trammell Crow insists that coverage under the Old Republic Policy must be triggered before permitting the recovery of

ALAE under the Program Agreement to the Old Republic Policy. *Id*. at 5. Trammell Crow also states that the Insurance Action was not an action "under the policy" but rather "about the policy," and hence does not create ALAE costs.

Old Republic responds that "[a] claim can be made under the policy and seek policy dollars without being a covered claim." Doc. 47, Reply at 3. Old Republic interprets the phrase "made under the policy" to mean a claim asserting coverage under the policy, without regard to whether the claim is ultimately determined to be covered by the policy. Because Virginia Surety's claims in the Insurance Action and the claims made in the Colorado Action were asserted under the policy, Old Republic contends that its defense costs are covered. *Id*.

The Court is persuaded by Old Republic's argument that the plain language of the definition of ALAE is unambiguous in that the defense need only be against a claim "made" under the policy. *See* Doc. 30-11, App. at 498 (Program Agreement). The word "made" indicates that the claim was asserted under the policy, without reference to whether coverage was ultimately triggered. In this Court's prior order in the Insurance Action, submitted by both parties as summary judgment evidence, the Court concluded that Virginia Surety's third-party claims in the Insurance Action involved the issue of whether the claims raised in the Colorado Action were covered under the Old Republic Policy. Doc. 30-8, App. at 462, 470 (Order). Moreover, Virginia Surety's claims in the Insurance Action were claims seeking payment by Old Republic under the Old Republic Policy. *Id*. Thus, the Insurance Action involved a claim "made under" the Old Republic Policy even though the Court concluded that the claim was not covered by the policy.

As further argument that the defense costs incurred are not ALAE, Trammell Crow asserts that ALAE defense costs are legitimately incurred only where the duty to defend arises. Trammell

Crow reasons that Old Republic's duty to defend only arises when a "suit" is filed. Doc. 29, Br. at 13.

Trammell Crow maintains that Virginia Surety's claims in the Insurance Action do not qualify as a

"suit" against Trammell Crow because coverage was not triggered, so the duty to defend was not

invoked, and the defense costs incurred in the Insurance Action cannot constitute ALAE defense

"expenses." Doc. 29, Br. at 13. Trammell Crow does not specify where in the Old Republic Policy

the word "suit" can be found or how and why the word "suit" or the duty to defend, generally, applies

to the definition of ALAE. Review of the plain language of the policy shows that the word "suit" is

not connected to or provided in the definition of ALAE or the deductible section and the ALAE

provision does not require that costs be incurred pursuant to the insurer's duty to defend to qualify

as ALAE. Accordingly, the Court concludes that the definition of "suit" and the duty to defend have

no bearing on the issue of whether Old Republic's defense costs are characterized as ALAE.

Consequently, the Court is persuaded by reviewing the plain language of the Old Republic

Policy that Old Republic's defense costs in the Insurance Action constitute costs incurred in defense

of a claim made under the Old Republic Policy and are therefore recoverable by Old Republic from

Trammell Crow as ALAE, up to the deductible amount.

iv.    *The Applicability of the Indemnity Provision*

Old Republic alternatively suggests that, regardless of whether its defense costs constitute

ALAE subject to the deductible, an indemnity provision in the Old Republic Policy requires

Trammell Crow to pay its defense costs without consideration of the deductible. Trammell Crow

disagrees that the defense costs fall within the indemnity provision.

Both parties point the Court to the Old Republic Program Agreement as summary judgment

evidence. The Program Agreement provides, in relevant part:

-16-

7. <u>Hold Harmless</u>

       7.1 In consideration of Old Republic's agreement to enter into this Agreement and to issue the Policies on the terms and conditions set forth in this Agreement . . . the Insured hereby unconditionally agrees to indemnify and hold Old Republic harmless from all claims, losses, costs and expenses which Old Republic may incur or suffer under the Policies or this Agreement . . . .

Doc. 30-11, App. at 501 (Program Agreement); Doc. 27, Br. at 11.

Old Republic contends that the deductible does not apply to the indemnity provision, and thus Trammell Crow must reimburse Old Republic's costs regardless of whether Trammell Crow has met its deductible. Old Republic supports its argument by stating that nothing in the indemnity provision refers to the deductible, so the deductible must not apply. The Court disagrees. Reviewing the deductible endorsement section of the APIC Policy, the language clearly and plainly states that "[t]he deductible amount may be satisfied by any combination of . . . amounts payable under any other source described in the policy." Doc. 30-4, App. at 149 (Old Republic Policy). Any amounts payable by Trammell Crow under the Program Agreement to the Old Republic Policy would fall within the broad provision of "amounts payable under any other source." *Id.* Because Illinois rules of contract construction and interpretation require that the plain language of an unambiguous contract prevail, *U.S. Fid. & Guar.*, 578 N.E.2d at 930, the Court concludes that the deductible applies to payments made under the indemnity provision in the Program Agreement to the Old Republic Policy.

The Court has already determined that Old Republic's defense costs are ALAE and that the deductible applies equally to the ALAE provision and indemnity provision. Because Old Republic would not receive duplicative recovery if the defense costs were deemed to be covered by both the

ALAE and indemnity provisions, the Court need not address the issue of whether the defense costs

fall within the indemnity provision. Doc. 30-11, App. at 501 (Old Republic Program Agreement).[4]

*B. Merits*

The Court has concluded that disputes of fact exist regarding the issues of whether Trammell

Crow met its deductible under the Old Republic Policy and whether Trammell Crow or Old Republic

have sustained any damages. Taken together, these two disputes of fact prevent the Court from

adjudicating Trammell Crow's motion for summary judgment on its claims for declaratory judgment,

conversion, unjust enrichment, and money had and received and on Old Republic's counterclaims.[5]

---

[4]The Court notes that Old Republic casually advances contradictory arguments on the issue of whether the costs incurred in the Colorado Action and Insurance Action were costs incurred "under the policies" and thus covered by the indemnity provision. Doc. 30-11, App. at 501 (Program Agreement). This is a subtle distinction from the argument related to whether costs were incurred defending claims made under the policies. Old Republic claims that its defense costs were incurred under the policies because the Virginia Surety made a claim for policy dollars under the Old Republic Policies. Doc. 27, Br. at 11. Despite that argument, Old Republic later argues that, because the Court's prior order in the Insurance Action held that the Old Republic Policy did not cover the claims in the Colorado Action, any costs or payments incurred by Trammell Crow in the Colorado Action would not apply to the Old Republic deductible because those costs were not incurred "under the policies." Doc. 38, Resp. at 15.  Old Republic cannot have it both ways, *see Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 614 (7th Cir. 2009), and inherent concerns for fairness prevent the advancement of such contradictory arguments.

[5]Trammell Crow contends that Old Republic should have raised its breach of contract counterclaim during the Insurance Action and, because it failed to do so, has waived its counterclaim. Doc. 41, Resp. at 9-11. Trammell Crow believes that Old Republic could have done so by filing a counterclaim against Virginia Surety to retrieve reimbursement for its defense costs in the Insurance Action, and, because it did not, the doctrine of *res judicata* and Federal Rule of Civil Procedure 13 bar the presentation of that claim now. *Id.* Trammell Crow's argument is easily dismissed. First, Old Republic's claims against Trammell Crow would not have been ripe during the Insurance Action and thus could not have been brought at that time. Old Republic would not have known whether Trammell Crow would reimburse Old Republic for its defense costs until after the Insurance Action was completed and after Old Republic submitted its invoices to Trammell Crow or Crawford & Crawford. Fed. R. Civ. P. 13(a) (counterclaims are compulsory only where the claim exists "at the time of . . . service" in the original action). Second, Trammell Crow's suggestion that Old Republic should have filed a claim for attorney's fees from Virginia Surety in the Insurance Action is frivolous. A claim for attorney's fees and costs against Virginia Surety is a materially different claim from the breach of contract claim alleged here, so *res judicata* does not apply to bar the breach of contract action. *See Dillard v. Sec. Pac. Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) (explaining that *res judicata* applies only where "the same

Similarly, the Court may not resolve Old Republic's motion for summary judgment on its counterclaims for breach of contract, unjust enrichment, or attorney's fees or on Trammell Crow's claims for declaratory judgment, breach of contract, conversion, unjust enrichment, money had and received, and attorney's fees. Accordingly, Trammell Crow's motion for summary judgment is **DENIED**, and Old Republic's motion for summary judgment is **DENIED IN PART**.

C.      *Violations of the Texas Insurance Code*

Old Republic seeks summary judgment on Trammell Crow's claim for violations of Chapters 541.051 and 541.061 of the Texas Insurance Code. Trammell Crow does not seek summary judgment on this claim. Trammell Crow's petition alleges Old Republic's material misrepresentation of the terms of the Old Republic Policy and the benefits therein, in violation of Chapter 541.051. Doc. 1-1, Pet. at 8. The petition also alleges Old Republic's making untrue statements of material fact, making a material misrepresentation of law, and failing to state a material fact necessary to make other statements not misleading, in violation of Chapter 541.061. *Id.*

Old Republic provides Woodward's deposition as summary judgment evidence. In the deposition, Woodward stated that most of the alleged misrepresentations or omissions are based on statements made by Old Republic to Broadspire that the invoices were legitimate claim expenses and that Old Republic was authorized to collect them. Doc. 34-1, App. at 621-25 (Woodward Dep.).

Trammell Crow presents summary judgment evidence in the form of Broadspire payment

---

cause of action [is] involved in both cases" (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983))). And although Old Republic would likely not have a claim for damages here had it sought and received its defense costs from Virginia Surety in the form of a request for attorney's fees in the Insurance Action, Trammell Crow has pointed the Court to no authority that would require Old Republic to pursue such a course of action. Accordingly, the Court concludes that Old Republic did not waive its breach of contract counterclaim.

summaries and emails to and from Coombs inquiring about reimbursement for its invoices. Trammell Crow points to an email from Coombs requesting payment in the amount of $36,430.75 for the "Trammell Crow v. VA. Surety" action, doc. 42-2, App. at 686 (Email from Coombs), which Trammell Crow regards as evidence that Coombs was misrepresenting that Old Republic's defense costs from the Insurance Action should be paid from the Broadspire account. Doc. 41, Resp. at 8. Trammell Crow also provides a Crawford & Company payment summary log, doc. 42-4, App. at 690-91 (Payment Summary), which it alleges demonstrates a repetition of the mischaracterization of the invoices as legitimate claim expenses for the Colorado Action.

Due to the existing disputes of material fact, the Court may not determine at this time whether Old Republic's statements in its invoices or requests for payment through its emails constituted actionable misrepresentations or omissions under the Texas Insurance Code.

In addition to the allegation that Old Republic's invoices and emails demonstrate violations of the Texas Insurance Code, Trammell Crow also alleges that Old Republic violated the Insurance Code when Crawford & Company authorized payment of Old Republic's invoices. Doc. 34-1, App. at 621-25 (Woodward Dep.). Trammell Crow contends that Crawford & Company's mislabeling of the funds constituted an actionable misrepresentation and that Old Republic is liable for failing to correct Crawford & Company. *Id.* The Court rejects Trammell Crow's argument, since Trammell Crow has not plead agency liability or reasoned why Old Republic had a duty to oversee and correct Crawford & Company. At this stage of litigation, Trammell Crow must "come forward with specific facts showing that there is a genuine issue for trial," *Matsushita Elec.*, 475 U.S. at 587 (internal quotation marks omitted), and must point the Court to specific evidence in the summary judgment record and articulate precisely how that evidence supports the challenged claim. *Ragas*, 136 F.3d at

458. Because Trammell Crow has failed to do so, the Court grants summary judgment to Old Republic on the limited issue of Trammell Crow's claim that Old Republic violated the Texas Insurance Code because Crawford & Company authorized payment for Old Republic's invoices and labeled the invoices as applicable to the Colorado Action.

D.      *Tortious Interference with a Business Relationship*

Old Republic also seeks summary judgment on Trammell Crow's claim that Old Republic tortiously interfered with Trammell Crow's relationship with Broadspire. Trammell Crow does not seek summary judgment on this claim. A common law cause of action for tortious interference with a business relationship is proven by showing "(1) a reasonable probability that the parties would have entered into a contract or relationship; (2) an intentional and malicious act by which the defendant prevented the relationship [from] occurring, with the purpose of harming the plaintiff; (3) lack of privilege or justification of the defendant to do the act; and (4) actual harm or damage resulting from the defendant's interference." *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 128 F. Supp. 2d 988, 1003 n.5 (N.D. Tex. 2001) (citing *Garner v. Corpus Christi Nat'l Bank*, 944 S.W.2d 469 (Tex. App. 1997)); *Mid Plains Reeves, Inc. v. Farmland Indus., Inc.*, 768 S.W.2d 318, 322 (Tex. App. 1989) (citing *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105 (Tex. 1984)).

Old Republic points the Court to Woodward's deposition testimony as summary judgment evidence. In his deposition, Woodward admits that Trammell Crow and Crawford & Company no longer have a business relationship. Doc. 34-1, App. at 625 (Woodward Dep.). Woodward also admits that Trammell Crow does not want a future business relationship with Crawford & Company or Broadspire. *Id.* He conceded that even if they currently had a business relationship, Trammell Crow would likely fire them. *Id.* at 626. When asked what affirmative steps Old Republic took to

jeopardize the future business relationship with Trammell Crow and Broadspire, Woodward responded: "Adhering to a position [that the defense costs were legitimate claim expense, which Defendants] knew was at least questionable. In my mind, it would have been proper if the whole process had come to a standstill . . . . That would have been a great gesture. That wasn't done here." *Id.* at 629-30. Finally, Woodward stated that the action taken by Old Republic to jeopardize the business relationship was "only by . . . keeping the funds." *Id.* at 631.

Trammell Crow does not respond to Old Republic's request for summary judgment on this claim, other than noting the need for additional discovery. It also does not present any evidence to raise a factual dispute with the information contained in Woodward's statements.

The Court concludes that Old Republic has supported is contention that there is no genuine dispute of fact that Woodward admitted that Trammell Crow would never enter into a future business relationship with Broadspire or Crawford & Company. Trammell Crow, therefore, cannot satisfy the first element of a claim for tortious interference, i.e., the probability that Trammell Crow and Crawford & Company would enter into an agreement. Further, Woodward's uncontradicted statement that Old Republic's actions amounted only to "[a]dhering to a position [Old Republic] knew was at least questionable" and failing to return the money in the interim, which would have been "a great gesture," doc. 34-1, App. at 629-30 (Woodward Dep.), is not enough to demonstrate a malicious, intentional, or willful purpose of harming the business relationship between Trammell Crow and Broadspire. Accordingly, the Court **GRANTS** summary judgment to Old Republic on Trammell Crow's claim for tortious interference with a business relationship.

## IV.

## CONCLUSION

For the reasons stated above, Defendant Old Republic Insurance Company's Motion for Summary Judgment (doc. 26) is hereby **DENIED** with respect to its counterclaims and **GRANTED IN PART** and **DENIED IN PART** with respect to Trammell Crow's claims. Plaintiff Trammell Crow Residential Company's Motion for Partial Summary Judgment (doc. 28) is hereby **DENIED**. Defendant Old Republic Insurance Company's Motions to Strike the Woodward Affidavit (docs. 39 and 45) are **DENIED AS MOOT**. Old Republic's Motion to Strike Exhibits (doc. 46) is **DENIED**.

Therefore, the surviving claims are Trammell Crow's claims for declaratory judgment, breach of contract, conversion, unjust enrichment, money had and received, part of its claim for violations of the Texas Insurance Code, and the claim for attorney's fees. Old Republic's counterclaims for breach of contract, unjust enrichment, and attorney's fees also survive.

SO ORDERED.

SIGNED September 25, 2012.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE